UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KYLE J. WALKER,

    Petitioner,

v.                                    Case No. 3:20-cv-618-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## **ORDER**

### I. Status

Petitioner Kyle J. Walker, an inmate of the Florida penal system, initiated this action on June 14, 2020, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[1] In the Petition, Walker challenges a 2014 state court (Duval County, Florida) judgment of conviction for attempted murder in the second degree, assault, and possession of a firearm by a juvenile delinquent found to have committed a felony act. He raises six grounds for relief. See Petition at 6−11, 17−19. Respondents have submitted a memorandum in opposition to the Petition, arguing that the action is untimely

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

filed. See Motion to Dismiss Petition [as] Untimely (Response; Doc. 5). They also submitted exhibits. See Response Exs. 1–6. Walker filed a Traverse that the Court construes as his brief in reply. See Motion to Traverse (Reply; Doc. 6). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that the Petition is due to be dismissed because Walker has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See generally Response at 4. Walker does not dispute that his Petition is untimely but argues that because he is a pro se litigant the Court should disregard the "procedural bar." Reply at 2–3.

The following procedural history is relevant to the one-year limitations issue. On February 21, 2014, the State of Florida charged Walker by Information in Duval County case number 16-2012-CF-09661-AXXX-MA with attempted murder in the second degree (count one), attempted armed robbery (count two), and possession of a firearm by a juvenile delinquent found to have committed a felony act (count three). Response Ex. 2 at 2. Walker proceeded to a trial on counts one and two. Response Ex. 3 at 13–16. On May 14, 2014, a

3

jury found Walker guilty of attempted second degree murder as to count one, and further found that Walker actually possessed and discharged a firearm causing death or great bodily harm. Id. at 2, 13–14. As to count two, the jury found Walker guilty of assault, a lesser included offense to the armed robbery charge. Id. at 15–16. Walker entered a guilty plea as to count three. Response Exs. 1 at 4; 4 at 16.

On June 18, 2014, the circuit court sentenced Walker to a thirty-year term of imprisonment with a twenty-five-year minimum mandatory on count one, a sixty-day term of imprisonment on count two, and a ten-year term of incarceration on count three. Response Ex. 3 at 5–7, 11. The circuit court ordered all three sentences to run concurrently. Id. at 8–10. The First District Court of Appeal (First DCA) per curiam affirmed Walker's convictions and sentences on June 30, 2015, Response Ex. 6 at 3, and issued the mandate on July 16, 2015, id. at 2.

As Walker's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Walker's conviction and sentence became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198

4

(11th Cir. 2018). The time for Walker to file a petition for writ of certiorari expired on Tuesday, September 29, 2015, ninety days following June 30, 2015. See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Walker had until Thursday, September 29, 2016, to file a federal habeas petition. He did not file the instant Petition until June 14, 2020. Therefore, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Walker filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on March 21, 2017. Response Ex. 4 at 2−14. With the one-year limitations period having expired on September 29, 2016, Walker's Rule 3.850 motion could not toll the limitations period because there was no period remaining to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that a postconviction motion filed after the AEDPA limitations period has expired cannot "toll that deadline because, once a deadline has expired, there is nothing left to toll"). Given the record, Walker's Petition is untimely filed, and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the

5

petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Walker to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Walker asserts that because he is a pro se litigant, the Court should excuse his untimely filing, and review the merits of his claim to prevent a manifest injustice from occurring. However, it is well-settled that "pro se litigants, like all others, are deemed to know of the one-year statute of limitations. . . ." Outler v. United States, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007); see Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 970 (11th Cir. 1997) (noting

ignorance of the law generally does not warrant equitable tolling). Accordingly, Walker is not entitled to equitable tolling simply based on his status as a pro se litigant or his confusion about the law.

To the extent Walker asserts that he can establish cause for his untimeliness under Martinez v. Ryan, 123 S. Ct. 1309 (2012), see Reply at 1–2, his reliance on Martinez is misplaced. In Martinez, the Court addressed whether ineffective assistance of counsel can constitute cause for procedural default; it neither addressed equitable tolling nor AEDPA's statute of limitations. While the federal limitations period is subject to equitable tolling in certain circumstances, the Eleventh Circuit has rejected the argument that Martinez provides a basis for equitably tolling AEDPA's statute of limitations. See Lambrix v. Sec'y, Fla. Dep't of Corr., 756 F.3d 1246, 1262–63 (11th Cir. 2014); Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 945–47 (11th Cir. 2014); Arthur v. Thomas, 739 F.3d 611, 629–31 (11th Cir. 2014) ("Because Arthur's § 2254 petition was denied due to his complete failure to timely filed that § 2254 petition, the Supreme Court's analysis in Martinez ... of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here."); Patrick v. Warden, 828 F. App'x 518, 522 (11th Cir. 2020) (per curiam) ("Martinez has nothing to do with equitable tolling—that case is about procedural default, which addresses when state procedural rules bar federal courts from considering certain habeas claims.")

(citations omitted). Accordingly, Walker is not entitled to equitable tolling on this basis.

For the foregoing reasons, the Court finds that Walker's Petition is untimely.[2] As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### IV. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Walker seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Walker "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335−36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

---

[2] While the United States Supreme Court has held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitation, McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), Walker makes no such claim here.

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 5) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Walker appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of August, 2023.

MARCIA MORALES HOWARD
United States District Judge

c: Kyle J. Walker, Sr. #J53024
Counsel of record